IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RENEE S. WATSON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 13-1585-LPS |
| | : | |
| CICONTE, WASSERMAN, SCERBA & | : | |
| KERRICK LLC, et al., | : | |
| | : | |
| Defendants. | : | |

Renee S. Watson, Newark, Delaware, Pro Se Plaintiff.

Daniel Christopher Kerrick, Esquire, Ciconte, Roseman & Wasserman, Wilmington, Delaware. Counsel for Defendant Ciconte, Wasserman, Scerba & Kerrick LLC.

Kimberly Anne Meany, Esquire, Marshall, Dennehey, Warner, Coleman & Goggin, Wilmington, Delaware. Counsel for Defendant Portfolio Recovery Associates LLC.

**MEMORANDUM OPINION**

August 19, 2015
Wilmington, Delaware

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Renee S. Watson ("Watson") filed this action on September 20, 2013. She proceeds *pro se* and was granted *in forma pauperis* status. Watson raises claims pursuant to the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* ("FCRA"), the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), and Maryland and Delaware consumer protection laws. The Court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 1367. Presently before the Court is Defendant Portfolio Recovery Associates, LLC's ("PRA") motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and Watson's opposition thereto. (D.I. 16)

## II. BACKGROUND

The complaint alleges that: (1) on October 10, 2010, PRA initiated a hard pull of Watson's credit report from a credit reporting agency without permission; (2) on April 18, 2012, PRA initiated a hard pull of Watson's credit report from a reporting agency without a permissible purpose; (3) on September 26, 2012, Watson received a default letter without proper validation as required under the FDCPA; and (4) on October 8, 2012, Watson sent a notice of dispute to PRA. Watson alleges that PRA is a furnisher of information, a debt collector, and a collection agency. The claims against PRA are as follows: (1) Counts I and II allege that PRA, as a furnisher of information, violated FCRA, 15 U.S.C. § 1681b(f), when it willfully (Count I) and negligently (Count II) obtained Watson's consumer report without a permissible purpose, pursuant to 15 U.S.C. §§ 1681n and 1681o; (2) Counts III and IV allege that PRA, as a debt collector, violated the FDCPA, 15 U.S.C.§ 1692, when it willfully (Count III) and negligently (Count IV) (a) misrepresented the character, amount, or legal status of an alleged debt (§ 1692e(2)); (b) took action that cannot legally be taken or is not intended to be taken (§ 1692e(5)); (c) used false representation or deceptive means to collect an alleged debt (§ 1692e(1)); and (d) willfully continued collection efforts without validating the alleged debt

1

(§ 1692g(b)); (3) Counts V and VI allege PRA, as a debt collector and collection agency, violated the Maryland Consumer Debt Collection Act ("MCDCA"), Md. Code Ann., Com. Law § 14-202, when it willfully (Count V) and negligently (Count VI) claimed, attempted, or threatened to enforce a right with knowledge that the right does not exist; and (4) Counts VII and VIII allege that PRA, as a debt collector and collection agency, violated Title 6, Chapter 25 of the Delaware Uniform Deceptive Trade Practices Act ("DTPA") when it willfully (Count VII) and negligently (Count VIII) claimed, attempted, or threatened to enforce a right with knowledge that the right does not exist. Watson seeks actual, statutory, or punitive damages.

PRA moves for dismissal on the grounds that: (1) the complaint does not meet federal pleading standards and fails as a consequence; (2) the FCRA claims fail as a matter of law; and (3) the MCDCA claims fail as a matter of law. (D.I. 16) Plaintiff opposes the motion on the grounds that she has established evidence to support the claims. (D.I. 19)

### III. LEGAL STANDARDS

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted). However, "[t]o survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'"

2

*Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

The Court is not obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996). Because Watson proceeds *pro se*, her pleading is liberally construed and her complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

## IV. DISCUSSION

### A. FRCA, Counts I and II

PRA moves to dismiss the FCRA claims, Counts I and II, on the grounds that the claims fail as a matter of law. It argues that the complaint does not provide sufficient facts to state a claim and fails as a matter of law because accessing a consumer's credit report in connection with debt collection is a permissible purpose under the FCRA.

The purpose of the FCRA is to ensure that "consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to consumers, with regard to the confidentiality,

3

accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this title." 15 U.S.C. § 1681. The complaint alleges that PRA violated § 1681b(f). (D.I. 2 at ¶¶ 17-18, 20-21) To state a claim under § 1681b(f), "a plaintiff must allege with sufficient factual support, that the defendant willfully obtained the plaintiff's credit report without having a purpose to review or collect a debt." *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 34 (3d Cir. 2011). "[T]he complaint must allege facts sufficient to demonstrate that the defendant should have known either that it did not intend to use the credit report in connection with a credit transaction involving the plaintiff or involving the collection of an account of the plaintiff." *Huertas v. United States Dep't of Educ.*, 2009 WL 3165442, at *9 (D.N.J. Sept., 28, 2009) (internal quotations and citations omitted).

The complaint alleges in a conclusory manner that PRA initiated either a hard pull of Watson's credit report or obtained a copy of Watson's consumer report without either permission or a permissible purpose. The allegations, without more, do not satisfy Watson's pleading burden as Watson must support her claim with some factual allegations.

In addition, § 1681b(f) provides that "[a] person shall not use or obtain a consumer report for any purpose unless . . . the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section." Section 1681 permits a consumer reporting agency to furnish a consumer report to a person which it has reason to believe "intends to use the information in connection with a credit transaction involving the consumer on whom the information to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer." 15 U.S.C. § 1681b(a)(3)(A). Thus, accessing a consumer's credit report in connection with collection of a debt is a permissible purpose. *See, e.g., Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 34 (3d Cir. 2011) (holding FCRA authorizes use of credit reports in connection

4

with collection of delinquent account). The allegations in the complaint indicate that PRA obtained the credit report for the purpose of debt collection, a permissible purpose under the FCRA.

Accordingly, for the reasons stated, the Court will grant the motion to dismiss Counts I and II of the complaint. Watson proceeds *pro se* and, at this early stage of the litigation, the Court finds it appropriate to allow Watson to amend to attempt to cure the pleading defects.

### B. MCDCA, Counts V and VI

PRA moves for dismissal of Counts V and VI on the grounds that the complaint fails to contain factual allegations to support the claim.

The MCDCA prohibits debt collectors "from claim[ing], attempt[ing], or threaten[ing] to enforce a right with knowledge that the right does not exist." Md. Code Ann., Comm. Law, § 14-202(8). "The MCDCA protects consumers against certain threatening and underhanded methods used by debt collectors in attempting to recover on delinquent accounts." *Spencer v. Hendersen-Webb, Inc.*, 81 F. Supp. 2d 582, 594 (D. Md. 1999). Under Maryland law, a plaintiff is required to plead facts sufficient to demonstrate that the defendant enforced, or threatened to enforce, a right "with actual knowledge or with reckless disregard as to the falsity of the information or the existence of the right." *Id.* at 595.

The complaint does not contain facts to support the claim that PRA acted with the requisite knowledge that is required under § 14-202(8). In addition, the complaint alleges that PRA willfully and negligently attempted to enforce a right with knowledge that the right does not exist. The complaint does not hint at, much less describe, the "right" at issue.

Given the pleading defects of Counts V and VI, the Court will grant the motion to dismiss both counts, and will give Watson leave to amend Counts V and VI to attempt to cure the pleading defects.

5

C.   **Federal Pleading Standards**

PRA moves to dismiss the complaint on the grounds that it fails to meet federal pleading standards. The Court will not address Counts I, II, V and VI, since those counts will be dismissed on other grounds as discussed above.

1.   **FDCPA, Counts III and IV**

Counts III and IV allege willful and negligent violations of the FDCPA. Unlike the FCRA, the FDCPA does not distinguish between negligent and willful violations. The complaint alleges violations of §§ 1692e(2), (5), and (10), as well as § 1692g(b). All of these claims are deficiently pled, as they contain just conclusory allegations without alleging any facts to support the claim. Indeed, the §§ 1692e(2), (5), and (10) claims merely parrot the wording of the statutes.

The § 1692g(b) is also deficiently pled. Section 1692g(b) provides that, if the consumer disputes the debt in writing within thirty days, "the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt." Watson seems to claim that PRA failed to validate the debt upon her dispute. The allegations fail to state a claim for a § 1692g(b) violation for several reasons.

First, the complaint does not allege that Watson notified PRA in writing of her dispute over the debt. The complaint alleges that Watson was contacted by Defendant Ciconte, Wasserman, Scerba & Kerrick, LLC requesting payment and, in turn, Watson requested validation of the alleged debt. The FDCPA requires that such notice be in writing, *see* 15 U.S.C. § 1692g(b), but the complaint makes no reference to a written request. Further, the FDCPA requires that Watson provide a written notice disputing the debt to PRA within 30 days of PRA's written notice of the debt to plaintiffs. *Id.* at § 1692g(a). The complaint makes no reference to the 30 day time-frame.

6

Given the pleading defects of Counts III and IV, the Court will grant the motion to dismiss both counts, and will give Watson leave to amend to attempt to cure the pleading defects.

### 2. DTPA, Counts VII and VIII

Counts VII and VIII allege violations of federal law and the DTPA, Title 6, Chapter 25 for willfully and negligently claiming, attempting, or threatening to enforce a right with knowledge that the right does not exist. Counts VII and VIII do not indicate the federal law or section of the DTPA that was allegedly violated by PRA, nor do they describe the "right" that was allegedly violated. In addition, both counts refer to violations of Delaware and federal law as a result of PRA's failure to obtain a license required by Delaware Law. Again, the statutes allegedly violated are not provided and the type of license allegedly required is not identified. Hence, the complaint fails to provide facts sufficient to state a claim in Counts VII and VII.

Given the pleading defects, similar to the other counts, the Court will grant the motion to dismiss Counts VII and VIII, and will give Watson leave to amend Counts VII and VIII.

## V. CONCLUSION

For the above reasons, the Court will grant PRA's motion to dismiss. (D.I. 16) Watson will be given leave to file an amended complaint.

An appropriate Order will be entered.