IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RENEE S. WATSON, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 13-1585-LPS |
| | : | |
| CICONTE, WASSERMAN, SCERBA & KERRICK, LLC, et al., | : | |
| | : | |
|     Defendants. | : | |

---

Renee S. Watson, Newark, Delaware, Pro Se Plaintiff.

Daniel Christopher Kerrick, Esquire, Ciconte, Scerba & Kerrick, Wilmington, Delaware. Counsel for Defendant Ciconte, Wasserman, Scerba & Kerrick, LLC.

Kimberly Anne Abeel, Esquire, Marshall, Dennehey, Warner, Coleman & Goggin, Wilmington, Delaware. Counsel for Defendant Portfolio Recovery Associates, LLC.

**MEMORANDUM OPINION**

September 26, 2016
Wilmington, Delaware

*[signature]*

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Renee S. Watson ("Watson") filed this action on September 20, 2013. She proceeds *pro se* and was granted *in forma pauperis* status. The Court dismissed the complaint and gave Watson leave to amend. (*See* D.I. 21, 22) Watson filed an amended complaint on September 18, 2015, raising claims pursuant to the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* ("FCRA"), the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), and Delaware consumer protection laws. The Court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 1367.

Presently before the Court is Defendant Portfolio Recovery Associates, LLC's ("PRA") motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (D.I. 24) Watson did not file an opposition to the motion. She did, however, file a motion to take judicial notice of a consent order entered against PRA in an administrative proceeding. (D.I. 26)

## II. BACKGROUND

With few exceptions, the amended complaint is identical to the original complaint. Newly added allegations are typed in red, Counts V and VI of the original complaint raising claims under Maryland law have been omitted, and Counts VII and VIII of the original complaint raising claims under Delaware law are now found in the amended complaint at Counts V and VI. (*See* D.I. 23 at 2-3, 5-8)

The amended complaint alleges that: (1) on October 10, 2010, PRA initiated a hard pull of Watson's credit report from a credit reporting agency without permission; (2) on April 18, 2012, PRA initiated a hard pull of Watson's credit report from a reporting agency without a permissible purpose; (3) on September 26, 2012, Watson received a default letter without proper validation as

1

required under the FDCPA; and (4) on October 8, 2012, Watson sent a notice of dispute to PRA. Watson alleges that PRA is a furnisher of information, a debt collector, and a collection agency.

The claims against PRA are as follows: (1) Counts I and II allege that PRA, as a furnisher of information, violated FCRA, 15 U.S.C. § 1681b(f), when it willfully (Count I) and negligently (Count II) obtained Watson's consumer report without a permissible purpose, pursuant to 15 U.S.C. §§ 1681n and 1681o; (2) Counts III and IV allege that PRA, as a debt collector, violated the FDCPA, 15 U.S.C. § 1692, when it willfully (Count III) and negligently (Count IV): (a) misrepresented the character, amount, or legal status of an alleged debt (§ 1692e(2)); (b) took action that cannot legally be taken or is not intended to be taken (§ 1692e(5)); (c) used false representation or deceptive means to collect an alleged debt (§ 1692e(1)); and (d) willfully continued collection efforts without validating the alleged debt (§ 1692g(b)); and (3) Counts V and VI allege that PRA, as a debt collector and collection agency, violated Title 6, Chapter 25 of the Delaware Uniform Deceptive Trade Practices Act ("DTPA") when it willfully (Count V) and negligently (Count VI) claimed, attempted, or threatened to enforce a right with knowledge that the right does not exist.

The amended complaint (D.I. 23) adds the following exhibits: (1) dispute response forms dated August 28 and 30, 2012, respectively (Ex. A); (2) notices that state the disputes were resolved, but that the consumer (Watson) disagrees (*id.*); (3) an undated notice of dispute to Defendant Ciconte, Wasserman, Scerba & Kerrick, LLC ("CWSK") (Ex. B); and (4) an October 8, 2012 notice of dispute to PRA in response to PRA's September 13, 2012 letter regarding an alleged debt (*id.*). Watson seeks actual, statutory, or punitive damages.

PRA moves for dismissal on the grounds that the amended complaint fails to state claims upon which relief may be granted. More particularly, PRA argues that the amended complaint does

not cure the pleading defects of the original complaint and that the addition of conclusory paragraphs at the end of each Count, lengthy string-cites to cases, and the inclusion of several exhibits do not lend plausibility to Watson's claims. (D.I. 24) Plaintiff did not file an opposition to the motion. Co-Defendant CWSK, who is named in Counts III, IV, V, and VI, has filed an answer to the amended complaint. (D.I. 25)

## III. LEGAL STANDARDS

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted). However, "[t]o survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

The Court is not obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false." *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996). Because Watson proceeds *pro se*, her pleading is liberally construed and her amended complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

## IV. DISCUSSION

### A. FCRA, Counts I and II

PRA moves to dismiss the FCRA claims, Counts I and II, on the grounds that they fail as a matter of law. It argues that the amended complaint, like the original complaint, does not provide sufficient facts to state claims and fails as a matter of law because accessing a consumer's credit report in connection with debt collection is a permissible purpose under the FCRA.

The amended complaint adds to Count I the conclusory allegations that PRA failed to validate the alleged debt and that PRA was not qualified the pull the credit report without that validation, and to Count II that PRC may be liable for fraud for information reported to three credit bureaus which made a negative mark on Watson's credit report. The proposed amended complaint contains no support for these conclusory allegations. Nor do the exhibits attached to the amended complaint lend support to the allegations. Instead, they refer to debt collection, which is a permissible purpose to access a consumer's credit report under the FCRA. *See, e.g.*, *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 34 (3d Cir. 2011) (holding FCRA authorizes use of credit reports in connection with collection of delinquent account). The Court finds that Counts I and II are

4

deficiently pled for the same reasons as Counts I and II of the original complaint and, therefore, sees no need to further reiterate its analysis for dismissal. (*See* D.I. 24 at ¶ IV.A.)

For the reasons stated, the Court will grant the motion to dismiss Counts I and II of the amended complaint. Watson proceeds *pro se* and, therefore, the Court finds it appropriate to provide her one final opportunity, under the circumstances, to amend to cure the pleading defects in Counts I and II.

### B. FDCPA, Counts III and IV

PRA moves to dismiss Counts III and IV on the grounds that Plaintiff failed to cure her pleading defects. Counts III and IV in the amended complaint are identical to Counts III and IV in the original complaint, and allege willful and negligent violations of the FDCPA. Unlike the FCRA, the FDCPA does not distinguish between negligent and willful violations. The complaint alleges violations of §§ 1692e(2), (5), and (10), as well as § 1692g(b).

The claims are deficiently pled, and nothing has changed with the filing of the amended complaint. The Court finds that Counts III and IV are deficiently pled for the same reasons as Counts III and IV in the original complaint and, again, sees no need to restate its analysis for dismissal. (*See* D.I. 24 at ¶ IV.C.1.) In addition, the exhibits attached to the amended complaint fail to cure the pleading defects, as there is no explanation as to how the exhibits support Watson's claims. Neither the Court nor Defendants should be required to guess how Watson believes the exhibits support her claims and/or examine the allegations and exhibits to construct her claims. *See e.g.*, *Friedfertig Family P'ship 2 v. Lofberg*, 2013 WL 6623896, at *3 (D.N.J. Dec. 13, 2013) (because plaintiff failed to specify precisely which facts support which elements of claims and court could not determine precise facts giving rise to each allegation, neither court nor defendant were required to

guess which claims were being asserted on basis of which events and/or to sift through allegations to piece together claims).

Given the pleading defects of Counts III and IV, the Court will grant the motion to dismiss both counts. Watson proceeds *pro se* and, therefore, the Court finds it appropriate to provide her one final opportunity, under the circumstances, to amend to cure the pleading defects in Counts III and IV.

### C. DTPA, Counts V and VI

PRA moves to dismiss Counts V and VI for failure to state a claim upon which relief may be granted due to lack of factual support and being pled in a conclusory manner. Counts V and VI allege violations of federal law and the DTPA, Title 6, Chapter 25 for willfully and negligently claiming, attempting, or threatening to enforce a right with knowledge that the right does not exist.

All of these claims are deficiently pled, and nothing has changed with the filing of the amended complaint. The Court finds that Counts V and VI are deficiently pled for the same reasons as Counts VII and VIII of the original complaint and will not repeat its analysis for dismissal. (*See* D.I. 24 at ¶ IV.C.2.)

The Court observes that a paragraph added at the end of Count VI contains the legal conclusion that a copy of the consumer credit contract is not sufficient to validate and that validation requires presentment of the account and general ledger statement signed and dated by the party responsible for maintaining the account, followed by a string citation that contains no Delaware cases. (*See* D.I. 23 at 8) This paragraph does not cure the pleading defects in Counts V and VI. Also, similar to the original complaint, Counts V and VI (formerly Counts VII and VIII in the original complaint) do not indicate the federal laws or sections of the DTPA that were allegedly

violated. Finally, there is no explanation how, if at all, the exhibits attached to the amended complaint might support the claims Watson attempts to raise in Counts V and VI.

Given the pleading defects, the Court will grant the motion to dismiss Counts V and VI. Watson proceeds *pro se* and, therefore, the Court finds it appropriate to provide her one final opportunity, under the circumstances, to amend to cure the pleading defects in Counts V and VI.

## V.   JUDICIAL NOTICE

Watson did not file a response to PRA's motion to dismiss the amended complaint. Instead, she moves the court to take judicial notice of the existence of a consent order entered against PRA in an administrative proceeding filed in the Consumer Financial Protection Bureau. (D.I. 26) The one sentence motion states, "Plaintiff respectively request[s] that the court take judicial notice of the attached Exhibit I, per Federal Rule of Evidence 201." (*Id.*)

PRA opposes the motion to the extent that Watson asks the Court to take judicial notice of the consent order as dispositive of liability in this matter. In addition, it argues that the consent order is not admissible under Rules 403 (certain evidence inadmissible due to prejudice, confusion, or waste of time), 404(a) and (b) (certain character evidence and evidence of other crimes, wrongs, or acts inadmissible, and 408 (certain settlement evidence inadmissible) of the Federal Rules of Evidence. (D.I. 27)

While a prior judicial opinion constitutes a public record of which a court may take judicial notice, it may do so on a motion to dismiss only to establish the existence of the opinion, not for the truth of the facts asserted in the opinion. *See Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group, Ltd.*, 181 F.3d 410, 427 (3d Cir. 1999). Therefore, the Court takes judicial notice only of the existence of the consent order.

With regard to Rules 403, 404(a) and (b), and 408, at this stage of the litigation, the Court is not inclined to rule that the consent order has no bearing on this case. Should this case proceed against PRA, it may seek relief pursuant to the Federal Rules of Evidence, if necessary.

Therefore, the motion to take judicial notice will be granted in part and denied in part. (D.I. 26)

## VI.   CONCLUSION

For the above reasons, the Court will grant PRA's motion to dismiss the amended complaint. (D.I. 24) Watson attempted to cure the pleading deficiencies identified in her first complaint, and proceeds *pro se*, so, under the circumstances, she will be given one final opportunity to file an amended complaint to state a claim. The Court will grant in part and deny in part Watson's motion to take judicial notice. (D.I. 26)

An appropriate Order will be entered.