IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

RENEE S. WATSON, :
        Plaintiff, :
v. : Civ. No. 13-1585-LPS
CICONTE, WASSERMAN, SCERBA & :
KERRICK, LLC, et al., :
        Defendants. :

---

Renee S. Watson, Newark, Delaware, Pro Se Plaintiff.

Adam F. Wasserman, Esquire, Ciconte, Wasserman, Scerba & Kerrick, LLC, Wilmington, Delaware. Counsel for Defendant Ciconte, Wasserman, Scerba & Kerrick, LLC.

Ana Marina McCann, Esquire, Marshall, Dennehey, Warner, Coleman & Goggin, Wilmington, Delaware. Counsel for Defendant Portfolio Recovery Associates, LLC.

**MEMORANDUM OPINION**

August 10, 2017
Wilmington, Delaware


STARK, U.S. District Judge:

I. INTRODUCTION

Plaintiff Renee S. Watson ("Plaintiff" or "Watson") filed this action on September 20, 2013. She proceeds *pro se* and was granted *in forma pauperis* status. The Court dismissed the complaint and gave Watson leave to amend. (*See* D.I. 21, 22) The Court dismissed the amended complaint and gave Plaintiff leave to file a second amended complaint, and she did so on October 21, 2016. (*See* D.I. 28, 29, 31) Presently before the Court is Defendant Portfolio Recovery Associates, LLC's ("PRA") motion to dismiss the second amended complaint.[1] (D.I. 32) Watson did not file an opposition to the motion.

II. BACKGROUND

With few exceptions, Counts I, II, and III of the second amended complaint are identical to Counts I, II, and III of the amended complaint. (*Compare* D.I. 23 with D.I. 31) The second amended complaint omits Counts IV, V, and VI that were found in the amended complaint.

The second amended complaint alleges that: (1) on October 10, 2010, PRA initiated a hard pull of Watson's credit report from a credit reporting agency without permission; (2) in August 2011, Plaintiff was contacted by CWSK requesting payment; (3) on April 18, 2012, PRA initiated a hard pull of Watson's credit report from a reporting agency without a permissible purpose; (4) on September 16, 2012, Plaintiff sent a notice of dispute to CWSK; (5) on September 26, 2012, Watson received a default letter without proper validation as required by statute; (5) on October 8, 2012, Watson sent a notice of dispute to PRA; and (6) on November 20, 2012, Plaintiff received another

---

[1] The law firm Ciconte, Wasserman, Scerba & Kerrick, LLC ("CWSK") is also a named defendant. (*See* D.I. 31 at ¶ 5)

1

default letter without proper validation from CWSK. (D.I. 31 at ¶¶ 7-16) Watson alleges that PRA is a debt collector. (*Id.* at ¶ 6)

The claims are as follows: Counts I and II allege that PRA, as a furnisher of information, violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681b(f), when it willfully (Count I) and negligently (Count II) obtained Watson's consumer report without a permissible purpose, pursuant to 15 U.S.C. §§ 1681n and 1681o. Count I of the second amended complaint adds a paragraph that alleges Plaintiff's constitutional rights were violated under 42 U.S.C. § 1983 and seeks recovery under 42 U.S.C. § 1988. (D.I. 31 at ¶¶ 28, 29) Count II of the second amended complaint adds a paragraph that alleges PRA violated Plaintiff's rights under the Privacy Act of 1964.[2] (*Id.* at ¶ 34)

Count III alleges that PRA and CWSK, as debt collectors, violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, when they willfully: (a) misrepresented the character, amount, or legal status of an alleged debt (§ 1692e(2)); (b) took action that cannot legally be taken or is not intended to be taken (§ 1692e(5)); (c) used false representation or deceptive means to collect an alleged debt (§ 1692e(10); and (d) willfully continued collection efforts without validating the alleged debt (§ 1692g(b)). Count III adds a paragraph that Defendants willfully violated the Delaware Uniform Deceptive Trade Practices Act ("DTPA"). This claim was previously raised as Count V in the amended complaint and Count VII of the original complaint and was dismissed by the Court. Watson seeks actual, statutory, and punitive damages.

PRA moves for dismissal on the grounds that the second amended complaint fails to state claims upon which relief may be granted. More particularly, PRA argues that the second amended

---

[2]There is no such Act. Presumably, Plaintiff refers to the Privacy Act of 1974, 5 U.S.C. § 552(a).

2

complaint does not cure the pleading defects of the original complaint and amended complaint. Plaintiff did not file an opposition to the motion. CWSK, who is named in Count III, filed an answer to the amended complaint, but has not answered or otherwise filed a responsive pleading to the second amended complaint. (*See* D.I. 25)

## III. LEGAL STANDARDS

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted). However, "[t]o survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

3

The Court is not obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996). Because Watson proceeds *pro se*, her pleading is liberally construed and her amended complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

## IV. DISCUSSION

### A. FCRA: Counts I and II

PRA moves to dismiss the FCRA claims, Counts I and II, on the grounds that they fail as a matter of law. It argues that the second amended complaint, like the original complaint and the amended complaint, does not provide sufficient facts to state claims and fails as a matter of law because accessing a consumer's credit report in connection with debt collection is a permissible purpose under the FCRA.

As the Court has previously discussed, Plaintiff pleads in a conclusory manner in Count I that PRA failed to validate the alleged debt and that PRA was not qualified the pull the credit report without that validation; pleads in Count II that PRC is liable for fraud for information reported to three credit bureaus and the resulting negative mark on Watson's credit report. The second amended complaint contains no support for these conclusory allegations. Nor do the exhibits attached to the second amended complaint lend support to the allegations. Instead, they refer to debt collection, which is a permissible purpose under the FCRA for accessing a consumer's credit report. *See, e.g., Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 34 (3d Cir. 2011) (holding FCRA

4

authorizes use of credit reports in connection with collection of delinquent account). The Court finds that Counts I and II are deficiently pled for the same reasons as Counts I and II of the original complaint and the amended complaint and, therefore, sees no need to further reiterate its analysis for dismissal. (*See* Court's Aug. 19, 2015 Mem. Op. D.I. 24 at IV.A.; Court's Oct. 21, 2016 Mem. Op. D.I. 28 at IV.A)

To the extent Plaintiff intended to raise a claim under 42 U.S.C. § 1983 (*see* D.I. 31 at ¶ 28), the claim fails as a matter of law. When bringing a § 1983 claim, a plaintiff must allege that some person has deprived her of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). While Plaintiff alleges deprivations of constitutional rights, there are no allegations that PRA is a state actor, as is required to state a claim under § 1983. Therefore, the claim will be dismissed.

To the extent Plaintiff intended in Count II to raise a claim under the Privacy Act (*see* D.I. 31 at ¶ 34), the claim also fails as a matter of law. A cause of action under the Privacy Act may only be made against a federal agency, as specified in 5 U.S.C. § 551(1), which defines agency as "each authority of the Government of the United States." PRA is not a federal agency and, therefore, is not subject to the Privacy Act. *See Schmitt v. City of Detroit*, 395 F.3d 327, 328 (6th Cir. 2005). Therefore, the claim will be dismissed.

### B.     FDCPA: Count III

PRA moves to dismiss Count III on the grounds that Plaintiff failed to cure her pleading defects. Count III in the second amended complaint is virtually identical to Count III in the original complaint and the amended complaint. It alleges willful violations of the FDCPA under §§ 1692e(2), (5), and (10), as well as § 1692g(b).

5

The Court finds that Count III is deficiently pled for the same reasons as Count III in the original complaint and the amended complaint and, again, sees no need to restate its analysis for dismissal. (*See* D.I. 24 at ¶ IV.C.1.; D.I. 28 at ¶ IV.B.)

It appears that Plaintiff also seeks to raise a claim for violations of federal law and the DTPA, Title 6, Chapter 25, for willfully claiming, attempting, or threatening to enforce a right with knowledge that the right does not exist. As discussed in the Court's August 19, 2015 and October 21, 2016 Memoranda and Opinions, the claim is deficiently pled. Nothing has changed with the filing of the second amended complaint. The Court finds that this claim is deficiently pled for the same reasons as Count V in the amended complaint and Count VII of the original complaint and will not repeat its analysis for dismissal. (*See* D.I. 24 at ¶ IV.C.2.; D.I. 28 at ¶ IV.C)

Plaintiff was provided an opportunity to amend to cure her pleading defects as to the claims raised against PRA, yet she failed to do so. Because Plaintiff made no attempt to remedy the pleading defects, the Court concludes that granting her an opportunity to again amend the claims against PRA would be futile. *See Jones v. Camden City Bd. of Educ.*, 499 F. App'x 127, 129 (3d Cir. Oct. 1, 2012) (citing *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) and *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## V.  SHOW CAUSE

More than three months have passed since Plaintiff took any action in this case when, on October 21, 2016, she filed the second amended complaint. (*See* D.I. 32) Notably, Plaintiff did not respond to the instant motion to dismiss the second amended complaint. Therefore, she will be ordered to show cause why this case should not be dismissed for failure to prosecute, pursuant to D. Del. LR 41.1.

6

## VI.	CONCLUSION

For the above reasons, the Court will grant PRA's motion to dismiss the claims raised against it in the second amended complaint. (D.I. 32) The Court finds that amendment of the claims against PRA would be futile, so PRA will be dismissed as a defendant. The matter proceeds on Count III of the second amended complaint against CWSK. Plaintiff will be ordered to show cause why this case should not be dismissed for failure to prosecute.

An appropriate Order will be entered.