IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RENEE S. WATSON, | : | |
| Plaintiff, | : | |
| v. | : | Civ. No. 13-1585-LPS |
| CICONTE, WASSERMAN, SCERBA & KERRICK, LLC, | : | |
| Defendant. | : | |

**MEMORANDUM**

## I. BACKGROUND

Plaintiff Renee S. Watson ("Plaintiff" or "Watson") filed this action on September 20, 2013. She proceeds *pro se* and was granted *in forma pauperis* status. The Court dismissed the complaint and gave Watson leave to amend. (*See* D.I. 21, 22) The court dismissed the amended complaint and gave Plaintiff leave to file a second amended complaint. Watson filed a second amended complaint on October 21, 2016. (*See* D.I. 28, 29, 31) She took no further action until September 14, 2017, in response to the Court's show cause order. (*See* D.I. 38, 41)

On August 10, 2017, the Court granted Defendant Portfolio Recovery Associates, LLC's ("PRA") motion to dismiss the second amended complaint and ordered Watson to show cause why the case should not be dismissed for her failure to prosecute. (D.I. 37, 38) On August 15, Defendant Ciconte, Wasserman, Scerba & Kerrick, LLC ("CWSK") asked the Court to allow it to join and adopt co-Defendant PRA's motion to dismiss the second amended complaint. (D.I. 34, 39) On September 14, 2017, the day Plaintiff was ordered to file a response to the show cause order, she filed a response to the previously ruled upon motion to dismiss. (D.I. 41)

1

## II. MOTION FOR RECONSIDERATION

### A. Legal Standards

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration is the "functional equivalent" of a motion to alter or amend judgment under Fed. R. Civ. P. 59(e). *See Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1352 (3d Cir. 1990) (citing *Federal Kemper Ins. Co. v. Rauscher*, 807 F.2d 345, 348 (3d Cir. 1986)). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

### B. Discussion

The Court will grant CWSK's request. When the Court granted PRA's motion to dismiss, it overlooked CWSK's notice and intent to join and adopt PRA's motion to dismiss and memorandum of law in support of its motion to dismiss Plaintiff's second amended complaint. (D.I. 34) Count Three of the second amended complaint is raised against PRA and CWSK and attempted to raise claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. As previously determined, Count Three is deficiently pled and, despite being given several opportunities, Plaintiff did not cure the pleading defects. (*See* D.I. 37 at 6)

Because the Court overlooked CWSK's motion to join, the Court will grant CWSK's motion for reconsideration. (D.I. 39) The Court notes that Plaintiff's belatedly filed response to the motions to dismiss speaks only to the claims raised against PRA and make no reference to the claims raised against CWSK. (*See* D.I. 41) For the reasons set forth in the August 10, 2017 order, the

Court will grant CWSK's motion to dismiss for failure to state a claim upon which relief may be granted. (D.I. 34) As previously determined, amendment is futile.

## III. SHOW CAUSE ORDER

On August 10, 2017, the Court ordered Plaintiff to show cause why this case should not be dismissed for failure to prosecute, pursuant to D. Del. LR 41.1 because she had not taken any action since October 21, 2016, the date she filed the second amended complaint. (*See* D.I. 37 at 6) Plaintiff's inaction included not opposing Defendants' motions to dismiss the second amended complaint. Plaintiff responded to the show cause order by filing an opposition to the motions to dismiss. As discussed, by this time the Court had granted PRA's motion to dismiss the second amended complaint. The Court addressed the merits of PRA's motion to dismiss while noting that it was unopposed. Notably, Plaintiff provided no explanation for her failure to prosecute this case. Regardless, given the posture of this case,[1] the Court concludes that the failure to prosecute issue is moot.

## IV. CONCLUSION

For the above reasons, the Court will: (1) grant CWSK's motion for reconsideration (D.I. 39); and (2) grant CWSK's motion to dismiss the second amended complaint (D.I. 34). Amendment is futile. The issue of Plaintiff's failure to prosecute is moot.

An appropriate Order will be entered.

---

[1] The second amended complaint fails to state claims upon which relief may be granted and amendment is futile.